IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| CHAVIS BARRS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 2:24-cv-03123-DCN |
| | ) | |
| RICK VINES, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on defendant Rick Vines's ("Vines") motion to dismiss, ECF No. 8. For the reasons set forth below, the court denies the motion as moot.

## I. BACKGROUND

In this maritime negligence action, plaintiff Chavis Barrs ("Barrs") alleges that he was injured while aboard Vines's fishing vessel on July 6, 2023. ECF No. 9, Amend. Compl. ¶ 5. Allegedly, Barrs and others were on Vines's vessel for an offshore fishing excursion, which embarked from Murrells Inlet. Id. ¶ 7. As the vessel was departing, the fishing party encountered another vessel. Id. The captain of this other vessel warned that sea conditions were too high and rough for a trip offshore. Id. Despite this recommendation, Vines continued to navigate his vessel toward the open ocean. Id. ¶ 8. At some point, Vines accelerated the throttle without warning. Id. This caused the vessel to pitch in the rough seas and threw Barrs, who was not yet seated, to the vessel's deck, which caused Barrs to injure his knee. Id. ¶¶ 8–14.

Barrs filed his original complaint on May 20, 2024, alleging a single cause of action for maritime negligence. ECF No. 1, Compl. On June 14, 2024, Vines moved to dismiss. ECF No. 8. He originally argued for dismissal under both Rule 12(b)(1),

because this case is allegely outside of the court's admiralty jurisdiction, and under Rule 12(b)(6), because Barrs failed to allege sufficient facts to support his negligence claim. Id.  The deadline for Barrs to respond to Vines's motion was June 28, 2024.  Barrs timely amended his complaint on June 19, 2024, ECF No. 9, Amend. Compl., but did not otherwise file a response to Vines's motion to dismiss.  In the amended complaint, Barrs added additional factual allegations in support of his negligence claim but did not substantively alter his jurisdictional allegations.  Compare Compl., with Amend. Compl. Vines then answered the amended complaint on June 19, 2024.  ECF No. 10, Answer to Amend. Compl.

On July 3, 2023, Vines filed a "Notice of Non-Opposition to Defendant's Motion to Dismiss," in which he contends that Barrs's amended complaint did not address the jurisdictional defects raised in the motion to dismiss, that the deadline for responding in opposition to his motion to dismiss had passed on June 28, 2024, and that Barrs should be "deemed unopposed to [Vines's] motion to dismiss."  ECF No. 11 ¶¶ 2–4.[1]  On July 8, 2024, Barrs filed both a response in opposition to Vines's motion to dismiss, ECF No. 12, and a reply to Vines's "Notice of Non-Opposition," ECF No. 13.  In the former, Barrs asserts that this court does have admiralty jurisdiction over this case.  ECF No. 12.  In the latter, Barrs argues that his amended complaint mooted Vines's original motion to dismiss.  ECF No. 13.  Barrs also notes that he reads Vines's answer to the amended complaint to include an admission that the court does have subject-matter jurisdiction. Id. at 2 (citing Answer to Amend. Compl. ¶¶ 1, 2).

---

[1] Vines's "Notice of Non-Opposition" is listed in the docket as a response to the motion to dismiss.  ECF No. 11.

On July 15, 2024, Vines filed a reply in support of his motion to dismiss. ECF No. 15. He argues that the court should rule on the motion because, even if it was directed solely at the original complaint, the same jurisdictional defects are present in the amended complaint. Id. at 2. Therefore, he posits that the court should rule on the motion to dismiss without additional briefing and argues that the court should grant the motion because this case is outside of the court's admiralty jurisdiction. Id. at 2–5.

## II.   DISCUSSION

In general, when a party amends a complaint, the original complaint is superseded, and any motion to dismiss directed at the original complaint is moot. Fawzy v. Wauquiez Boats SNC, 873 F.3d 451, 455 (4th Cir. 2017). There are a few exceptions to this general rule. For instance, "'[i]f some of the defects raised in the [motion to dismiss] remain in the new pleading, the court simply may consider the motion as being addressed to the amended pleading' because to 'hold otherwise would be to exalt form over substance.'" Oppenheimer v. Goldklang Grp., 2019 WL 13267086, at *1 (D.S.C. Feb. 15, 2019) (emphasis added) (quoting 6 Charles Alan Wright et al., Federal Practice and Procedure § 1476 (3d ed.)). However, the efficiency concerns underlying this exception are not served when ruling on the motion would require sorting out the parties' interwoven arguments on multiple issues across a surplusage of filings.[2] The court thus

---

[2] In addition to the other reasons listed in this order, the court notes that, in the time since Vines filed his motion to dismiss, each party has filed two memorandums, with various arguments strung across these filings. See ECF Nos. 11; 12; 13; 15. Granted, one of these filings is captioned as Vines's "Notice of Non-Opposition," ECF No. 11, and another is captioned as Barrs's reply to Vines's "Notice of Non-Opposition," ECF No. 13. However, these four collective filings appear in the docket as both a response and reply related to Vines's motion to dismiss from each party. ECF Nos. 11; 12; 13; 15. When a party files a motion, the local civil rules permit a response from the opposing party and a reply to that response (but replies are "discouraged"). Local Civ.

adheres to the general rule that Barrs's amended complaint mooted Vines's previously filed motion to dismiss for two reasons.

First, Barrs timely filed his amended complaint "as a matter of course" under Federal Rule of Civil Procedure 15.[3] See Fed. R. Civ. P. 15(a)(1); Fawzy, 873 F.3d at 455; cf. Botten v. Charleston Cnty. EMS, 2024 WL 1120332, at *8 n.9 (D.S.C. Mar. 14, 2024) ("If Botten had filed his amended complaint within twenty-one days after service of defendants' motions to dismiss, . . . Botten's amended complaint would have superseded his original complaint, which could have rendered defendants' motions to dismiss moot."). Second, even if Vines is correct that the jurisdictional defects he raised in his motion to dismiss are still present in the amended complaint, the parties' excessive filings are currently muddied with other issues that may or may not continue to be relevant. For example, Vines concedes that the amended complaint "address[es] the defects with the pleading relative to the elements of [Barrs's] single cause of action." ECF No. 11 ¶ 3. This sentence could be read either as a concession of his entire Rule 12(b)(6) argument or as a suggestion that the issues related to his Rule 12(b)(6) argument are now changed in light of the new factual allegations in Barrs's updated pleading.

---

Rules 7.06; 7.07 (D.S.C.). Rather than attempting to sort out the confusing briefing history employed by the parties thus far, the court intends, with this order, to send both parties back to their corners. Thus, briefing related to any future motions should follow the traditional briefing schedule described in the local rules and should clearly state what issues remain pending in this case.

[3] Additionally, there is no indication that Barrs amended his complaint simply as a tactic to unreasonably delay or circumvent the motion to dismiss. Cf. Googredy v. N.C. Agric. & Tech. State Univ., 386 F. Supp. 2d 618, 624 (M.D.N.C. 2005) (denying the plaintiff's motion to amend his complaint upon finding that it was "brought solely to circumvent Defendant's [previously filed] motion to dismiss" and granting the motion would "cause unnecessary delay . . . , reward dilatory and neglectful pleading, and will bring prejudice to the potential defendants").

Beyond that, Vines answered the amended complaint after filing his original motion to dismiss, see Answer to Amend. Compl., and Barrs reads Vines's answer as a concession that the court does have subject-matter jurisdiction, ECF No. 13 at 2 (citing Answer to Amend. Compl. ¶¶ 1, 2).  If Vines disagrees with this assessment of his answer, he can clarify his position by filing a new motion to dismiss Barrs's amended complaint in a manner authorized by the Federal Rules of Civil Procedure and this court's local civil rules.[4]

### III.   CONCLUSION

For the reasons set forth above, the court **DENIES AS MOOT** Vines's motion to dismiss.  Vines may file a new motion to dismiss the amended complaint in any manner authorized by the Federal Rules of Civil Procedure and this court's local civil rules.

**AND IT IS SO ORDERED.**

_____
DAVID C. NORTON
UNITED STATES DISTRICT JUDGE

**August 5, 2024**
**Charleston, South Carolina**

---

[4] The court takes no position at this time on whether Vines made any such concession in his answer, or whether any additional motion to dismiss would be permissible under the Rules.